UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-00023-GNS

UNITED STATES OF AMERICA                                          PLAINTIFF

**FILED**
VANESSA L. ARMSTRONG, CLERK

v.
JAN 1 1 2018

CLAY SHELTON          **U.S. DISTRICT COURT**          DEFENDANT
                      **WEST'N. DIST. KENTUCKY**

## JURY INSTRUCTIONS

************************************

These instructions will be in three parts: first, general rules that define and control your

duties as jurors; second, the rules of law that you must apply in deciding whether the

Government has proven its case; and third, some rules for your deliberations. A copy of these

instructions will be available to you in the jury room.

## I.      GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the

evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine,

and nothing that I have said or done during this trial was meant to influence your decision about

the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the

Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct

you about the law, and you are bound by the oath that you took at the beginning of the trial to

follow the instructions that I give you, even if you personally disagree with them. This includes

1

the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### A.    Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable

doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### B.    Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence you decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### C. Direct & Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D. Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's

GS

believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### E.    Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II.    RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

## INSTRUCTION NO. 1:  Multiple Charges

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 2:  Wire Fraud – 18 U.S.C. § 1343

Counts 1 through 3 charge the defendant with the crime of wire fraud. For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to obtain money or property, that is:

a) from March 2011 through September 2012, the defendant solicited $1,370,000 from eleven investors for the purchase of the Monterey Pipeline;

b) that the defendant fraudulently represented to the investors that their funds would be held in escrow as a down payment until he was able to complete financing to purchase the Monterey Pipeline;

c) that the defendant provided investors with a Private Placement Memorandum (PPM) for Escrow 2011, LP in which he offered the investment into the partnership,

7

representing 10% of the amount the defendant needed for the closing of a $10,000,000 to $15,000,000 loan from an unnamed financial institution to purchase the Monterey Pipeline;

d) that the defendant represented the funds from the loan were to purchase the existing pipeline for $2,000,000 and the remainder was to develop and operate the pipeline;

e) that the defendant advised the investors that the pipeline would produce revenues by charging gas well owners a transmission fee to transmit gas from their wells;

f) that each investor was promised that they would receive their investment back as soon as the funding from the financial institution was completed;

g) that the defendant stated to the investors that the loan would be closed in 30 to 60 days and in the interim the funds would be held in escrow;

h) that once the loan was closed, investors would receive either a 25 percent return on their investment or Monterey Pipeline would buy their interest in any Tennessee well program they previously purchased through U.S. Energy Partners, Inc.

Second, that the scheme included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to defraud; and

Fourth, that the defendant used wire communications or caused another to use wire communications in interstate commerce in furtherance of the scheme. The parties, however, have stipulated to the following: the defendant made or caused to be made interstate wire communications, i.e., interstate wire transfers, as alleged in Counts 1 through 3 of the Second Superseding Indictment. He denies, however, that said communications were made for the

purpose of executing any scheme to obtain money by false representations, pretenses, or promises, as alleged in Counts 1 through 3. All of the wire communications identified in Counts 1 through 3 were either sent from or received in the Western District of Kentucky and traveled in interstate commerce.

Now I will give you more detailed instructions on some of these terms.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

To "cause" wire communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

65

The term "interstate commerce" includes wire communications which crossed a state line.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire communications was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

### INSTRUCTION NO. 3:  Money Laundering – 18 U.S.C. § 1957

Counts 4, 5, 8, and 9 charge the defendant with engaging or attempting to engage in a monetary transaction in violation of federal law.  For you to find the defendant guilty of money laundering, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly engaged or attempted to engage in a monetary transaction.  The parties, however, have stipulated to the following: the transactions identified in Counts 4, 5, 8, and 9 were "monetary transactions" as defined in 18 U.S.C. § 1957(f)(1).  More particularly, the transactions specified in Counts 4, 5, 8, and 9 involved the deposit, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument as defined by

18 U.S.C. § 1956(c)(5) by, through, or to a financial intuition. The defendant, however, denies that the transactions involved criminally derived property from a specified unlawful activity;

Second, that the monetary transaction was in property derived from specified unlawful activity;

Third, that the property had a value greater than $10,000;

Fourth, that the defendant knew that the transaction was in criminally derived property; and

Fifth, that the monetary transaction took place within the United States.

Now I will give you more detailed instructions on some of these terms.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds by, through, or to a financial institution.

The term "specified unlawful activity" includes wire fraud as charged in Counts 1 through 3 of the indictment.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### INSTRUCTION NO. 4: Securities Fraud – 18 U.S.C. § 78j(b)

Counts 10-16, 18, 19, and 21-28 charge the defendant with the crime of securities fraud in violation of federal law. For you to find the defendant guilty of securities fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, the defendant knowingly either employed any device, scheme, or artifice to defraud, or made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or engaged in a transaction, practice, or course of business which operated or would operate as a fraud and deceit on any person;

Second, the defendant did so in connection with the purchase or sale of the securities described in Counts 10-16, 18, 19, and 21-28 of the Second Superseding Indictment, as follows:

Count 10: $50,000 investment by J.H. on August 5, 2011;

Count 11: $50,000 investment by J.D. & C.D. on August 10, 2011;

Count 12: $50,000 investment by C.S. on August 10, 2011;

Count 13: $100,000 investment by K.D. on August 10, 2011;

Count 14: $200,000 investment by K.D. on July 12, 2011;

Count 15: $200,000 investment by K.D. on August 24, 2011;

Count 16: $50,000 investment by D.D. on July 20, 2011;

Count 18: $50,000 investment by D.W. on August 2, 2011;

Count 19: $50,000 investment by D.W. on August 10, 2011;

Count 21: $50,000 investment by D.H. on August 12, 2011;

Count 22: $100,000 investment by O.H. on July 13, 2011;

Count 23: $75,000 investment by O.H. on July 13, 2011;

Count 24: $25,000 investment by O.H. on July 13, 2011;

Count 25: $50,000 investment by M. & A.T. on August 17, 2011;

Count 26: $25,000 investment by M. & A.T. on September 10, 2012;

Count 27: $25,000 investment by F.S. on July 21, 2011;

Count 28: $25,000 investment by S.S. on September 24, 2012.

Third, in connection with this purchase or sale the defendant made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange; and

Fourth, the defendant acted with the intent to defraud.

Now I will give you more detailed instructions on some of these terms.

"The use of any means or instrumentality of interstate commerce or of the mails, or of any national securities exchange" is an essential element of the crime of securities fraud as charged in Counts 10-16, 18, 19, and 21-28 of the Second Superseding Indictment. The term "interstate commerce" as used in these instructions means "trade or commerce in securities or any transportation or communication relating to such trade or commerce among the several states ..." This element of the crime charged may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication were, in fact, used in the scheme or that such use was reasonably foreseeable. In this regard, however, it is not necessary for the government to prove that the defendant personally used any means or instrumentality of interstate commerce, or that such use was contemplated or intended by anyone involved in any scheme. It is sufficient for the government to prove that the defendant set forces in motion which foreseeably resulted in such use. The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be a part of the overall scheme.

Counts 10-16, 18, 19, and 21-28 of the Second Superseding Indictment allege certain types of fraudulent conduct "in connection with the purchase or sale of any security." The government must prove beyond a reasonable doubt, therefore, that there were purchases or sales

of securities and that the "fraud or deceit" described in the indictment had some relationship to or was connected with these sales or purchases. The government need not show, however, that the defendant, or anyone associated with him bought or sold the securities in question.

The term "security" means any note, stock, treasury stock, security future, bond, debenture, certificate of interest or participation in any profit-sharing agreement or in any oil, gas, or other mineral royalty or lease, any collateral-trust certificate, pre-organization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or in general, any instrument commonly known as a "security"; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing; but shall not include currency or any note, draft, bill of exchange, or banker's acceptance which has a maturity at the time of issuance of not exceeding nine months, exclusive of days of grace, or any renewal thereof the maturity of which is likewise limited.

An "investment contract", as used in the definition of a security , means a contract, transaction, or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from efforts of promoter or a third party, it being immaterial whether shares in enterprise are evidenced by formal certificate or by nominal interests in physical assets employed in enterprise.

As stated above, "device" is an invention, a contrivance, or the result of some plan or design.

A "scheme" is a design or a plan formed to accomplish some purpose.

An "artifice" is an ingenious contrivance or plan of some kind.

There is nothing about the terms "device," "scheme," or "artifice" which in themselves imply anything fraudulent. The terms are plain English words that are neutral.

A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

If you should decide that a particular statement or a particular omission was false or misleading at the time that it was made, then you must determine if the fact stated or omitted was a "material" fact or a "material" omission under the evidence received in this case.

In order for you to find a "material" fact or a "material" omission, the government must prove beyond a reasonable doubt that the fact misstated or the fact omitted was of such importance that it could reasonably be expected to cause or to induce a person to act or invest or to cause or to induce a person not to act or invest.

The securities fraud statute under which 10-16, 18, 19, and 21-28 of the indictment are brought is concerned only with such "material" misstatements or such "material" omissions and does not cover minor, or meaningless, or unimportant ones.

The words "fraud," "fraudulent," or "defrauding" mean to trick, deceive, injure, or damage in some way.

A statement which is untrue or a representation which is false rises to the level of "fraud" when the person making it knew the statement to be untrue or knew the representations to be false at the time that the statement or representation was made.

A statement which is untrue or a representation which is false may also rise to the level of "fraud" when the person making the statement or making the representation is acting with the intent to trick, deceive, injure, or damage or is making the statement or representation with reckless indifference to its truth, accuracy, or falsity.

If you find that the evidence has established beyond a reasonable doubt that the defendant acted with a fraudulent intent, or said another way, an intent to defraud, it is unimportant whether the defendant was successful and accomplished the plan or was unsuccessful and did not accomplish it. It is not necessary for the government to prove that anybody was actually defrauded or that a defendant actually profited by any fraudulent transaction.

On the other hand, even though some individual may have lost money in the transactions shown by the evidence, this does not rise to the level of fraud unless the evidence establishes beyond a reasonable doubt that the transaction was designed and intended by the defendant to deceive, or trick, or injure, or damage.

An honest belief or "good faith" belief by the defendant that the statements or representations made were true is a complete and total defense to the charge of securities fraud in Counts 10-16, 18, 19, and 21-28 of the indictment because such an honest or "good faith" belief is absolutely inconsistent with a fraudulent intent.

If the jury has a reasonable doubt as to whether the defendant acted with an intent to defraud or acted in good faith, the jury must acquit the defendant.

### INSTRUCTION NO. 5: Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

### INSTRUCTION NO. 6: In/On or About

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that: Counts 1-3 happened "in or about March 2011 through in or about September 2012"; that Count 4 happened "on or about" August 17, 2011; that Count 5 happened "on or about" September 2, 2011; that Count 8 happened "on or about" December 16, 2011; that Count 9 happened "on or about" December 15, 2011; and that 10-16, 18, 19, and 21-28 happened "in or about July 2011 through September 2012." The government does not have to prove that the crimes happened on these exact dates. But the government must prove that the crimes happened reasonably close to the respective dates noted.

### INSTRUCTION NO. 7: Defendant's Testimony

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

### INSTRUCTION NO. 8: Charts and Summaries – Admitted

During the trial you have seen or heard summary evidence in the form of charts and testimony. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

### INSTRUCTION NO. 9: Charts and Summaries – Not Admitted

During the trial you have seen counsel use summaries and charts which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

### INSTRUCTION NO. 10: Witness Testifying to Both Facts and Opinions

You have heard the testimony of Jessie Vaughn, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Jessie Vaughn's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### III.   JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.   Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.   If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.   The officer will give them to me, and I will respond as soon as I can.   I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.   Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.   Do not ever write down or tell anyone, including me, how you stand on your votes.   For example, do not write down or tell anyone that you are split 10-2, or 2-10, or whatever your vote happens to be.   That should stay secret until you are finished.

### A.   Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.   You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as

Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.** **Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the Defendant guilty of a particular count, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## C.    **Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government proved the Defendant guilty beyond a reasonable doubt.

## D.    **Punishment**

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

### E.  Return of Verdict Form

I have prepared a verdict form that you should use to record your verdict as to each charge. The form reads as follows:

"We, the Jury, find the Defendant, Clay Shelton: Guilty_____ Not Guilty _____."

If you decide that the Government has proved a charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

### F.  Verdict Limited to Charges Against this Defendant

Remember that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

### G.  Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

### H.  Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the

evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.